**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CASE NO.

DESSERI MCCRAY, *on behalf of herself and*
*all others similarly situated,*

      Plaintiff,

                                  **CLASS ACTION COMPLAINT AND**
                                  **TRIAL BY JURY DEMAND**

v.

HIDAY & RICKE, P.A.,

      Defendant.

_____/

**NATURE OF ACTION**

1.      Plaintiff Desseri McCray ("Plaintiff") brings this putative class action against Defendant Hiday & Ricke, P.A. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*., individually and on behalf of all others similarly situated.

**JURISDICTION, VENUE, AND STANDING**

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4.      "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct.

1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5.      "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA"); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6.      "The Supreme Court has held time and again that the violation of a statutory right to receive information one is entitled to receive creates a concrete injury sufficient to confer standing on a plaintiff." *Zia v. CitiMortgage, Inc.*, 210 F. Supp. 3d 1334, 1343 (S.D. Fla. 2016).

7.      "The FDCPA does create an informational right which did not exist prior to its enactment, and that right is tied to the harm which a consumer may suffer if not provided with that information. Consequently, the deprivation of that information is, in most cases, sufficient to confer Article III standing. That was the law before *Spokeo*, and that law was not based on

an erroneous understanding of Article III like the one corrected by *Spokeo*, but by application of well-settled principles of standing jurisprudence which *Spokeo* did not change (and, in fact, upon which *Spokeo* relied)." *Hagy v. Demers & Adams, LLC*, No. 2:11-CV-530, 2017 WL 1134408, at *4 (S.D. Ohio Mar. 27, 2017).

8.    "[N]umerous other courts, including courts in this circuit and from around the country, have rejected *Spokeo*-based standing challenges in the context of FDCPA violations." *Neeley v. Portfolio Recovery Assocs., LLC*, No. 115CV01283RLYMJD, 2017 WL 3311045, at *2 (S.D. Ind. Aug. 2, 2017) (citing *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 WL 2539782, at *4, 2017 U.S. Dist. LEXIS 89678, at *11 (E.D. Wis. June 12, 2017)) (collecting cases).

9.     "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

10.    Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

11.    The FDCPA is described as a strict liability statute which "typically subjects debt collectors to liability even when violations are not knowing or intentional." *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011).

12.    "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." *Lewis v. Marinosci Law Grp., P.C.*, No. 13-61676-CIV, 2013 WL 5789183, at *2 (S.D. Fla. Oct. 29, 2013).

13.    The Eleventh Circuit applies the "least sophisticated consumer" standard to determine whether a debt collector's communication violates the FDCPA.  *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985).

14.    This objective standard does not consider "whether the particular plaintiff-consumer was deceived or misled; instead, the question is 'whether the 'least sophisticated consumer' would have been deceived' by the debt collector's conduct." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014) (quoting *Jeter*, 760 F.2d at 1177 n.11)).

## THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

15.    Similarly, the FCCPA, Florida's consumer protection statute, was enacted as a means of regulating the activities of consumer collection agencies within the state. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010).

16.    "The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Laughlin v. Household Bank, Ltd.*, 969 So. 2d 509, 512 (Fla. 1st Dist. App. 2007) (quoting *Harris v. Beneficial Fin. Co. of Jacksonville*, 338 So. 2d 196, 200-01 (Fla. 1976)).

17.    "The FCCPA is to be construed in a manner that is protective of the consumer."  *Id.*  With this in mind, the FCCPA is meant to be read, "in addition to the requirements and regulations of the federal act [the FDCPA].  In the event of any inconsistency

4

between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." Fla. Stat. § 559.552.

18.    The FCCPA provides that "[i]n collecting consumer debts, no person shall . . . Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

19.    "To establish a violation under the Florida Consumer Collections Practices Act, Florida Statute Section 559.72(9), it must be shown that a legal right that did not exist was asserted and that the person had actual knowledge that the right did not exist." *Pollock v. Bay Area Credit Serv.*, LLC, 08-61101-CIV, 2009 WL 2475167, at *9 (S.D. Fla. Aug. 13, 2009).

20.    In addition to actual and statutory damages, the FCCPA also provides for punitive damages. "It clearly appears to have been the intent of the Legislature to provide a remedy for a class of injury where damages are difficult to prove and at the same time provide a penalty to dissuade parties . . . from engaging in collection practices which may have been heretofore tolerated industry wide." *Laughlin*, 969 So. 2d at 513 (quoting *Harris*, 338 So. 2d at 200).

## PARTIES

21.    Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Pinellas, and City of Clearwater.

22.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

23.    Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

24.    Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

25.    Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by Fla. Stat. § 559.55(6).

26.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

27.    Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

28.    Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

29.    Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal vehicle loan with Fidelity Bank (the "Debt").

30.    Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

31.    Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

32.    Plaintiff obtained a vehicle loan with Fidelity Bank in November of 2013.

33.    In or around the middle of 2016, Plaintiff became permanently disabled and could no longer work.

34.     This unexpected change in Plaintiff's financial situation caused her to fall behind in her monthly payments to Fidelity Bank.

35.     In or around early 2017, Fidelity Bank repossessed Plaintiff's vehicle and subsequently sold it at auction.

36.     Fidelity Bank sent Plaintiff a letter dated April 5, 2017 that listed the deficiency balance as $10,657.78.

37.     Several months later, Fidelity Bank sent Plaintiff another letter that listed the remaining deficiency balance as $10,169.66 as of September 22, 2017.

38.     In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated October 10, 2017.

39.     A true and correct copy of Defendant's October 10, 2017 letter is attached to this complaint as Exhibit A.

40.     Defendant's October 10, 2017 letter was Defendant's initial communication with Plaintiff with respect to the Debt.

41.     Defendant's October 10, 2017 letter purported to contain the notice required in an initial communication by 15 U.S.C. § 1692g(a).

42.     However, Defendant's October 10, 2017 letter does not meaningfully convey the identity of the creditor to whom the Debt is owed as it only states: "Re: Fidelity Bank." Exhibit A.

43.     Defendant's October 10, 2017 letter also states: "Re: Acct. #******2126." *Id.*

44.     Defendant's October 10, 2017 letter further states that "[a]ll future communication should be made to this law firm" and that Plaintiff "can make [her] payment

online at www.hidayricke.com or contact [Defendant's] office by calling 1-866-601-4772 . . . ." *Id.*

45.    Upon receiving Defendant's October 10, 2017 letter, Plaintiff, or the least sophisticated consumer, would be unsure whether Fidelity Bank is the current creditor and the account was assigned to Defendant merely for collection, or whether Fidelity Bank is collecting on behalf of some unnamed original creditor and Fidelity Bank subsequently assigned the account to Defendant for collection.

46.    The least sophisticated consumer would be left to guess or make assumptions that what follows "Re:" is the identity of the current creditor.

47.    The least sophisticated consumer may just as reasonably conclude that what follows "Re:" is the identity of the original creditor, given that Defendant's October 10, 2017 letter also states that the "account has been referred to this firm." *Id.*

48.    Thus, Plaintiff, or the least sophisticated consumer, could reasonably conclude that Fidelity Bank is either the original creditor or the current creditor.

49.    Further, if Defendant uses "Re:" to identify the current and/or the original creditor then Defendant necessarily uses "Re:" in an inconsistent manner because Defendant used "Re:" twice to identify two separate items within the same initial communication, which demonstrates that the language can reasonably be interpreted in multiple ways.

50.    Therefore, a least sophisticated consumer would be left to guess or make assumptions regarding who the current creditor and who the original creditor is between Fidelity Bank, Defendant, or another unknown entity that purchased the debt and retained Defendant to collect upon it.

51.     Defendant's October 10, 2017 letter also stated that the balance of the Debt was $11,146.61.

52.     Defendant's October 10, 2017 letter did not state that the Debt would increase due to accrued interest, fees, or other charges.

53.     During or around December 2017, Defendant filed a lawsuit against Plaintiff in the Sixth Judicial Circuit, in and for Pasco County, Florida.

54.     A true and correct copy of Defendant's complaint is attached to this complaint as Exhibit B.

55.     Defendant's complaint sought "the sum of $10,672.01 plus interest, court costs, and attorney's fees." Exhibit B.

56.     Defendant's complaint indicates that interests (and costs) continue to accrue on the balance of the Debt.

57.     Defendant's October 10, 2017 letter is misleading to the consumer who could readily conclude that the total account balance stated as due was due at any time, when in fact it was not, and was subject to adjustment on a periodic basis.

58.     Whether the Debt was subject to accrual of interest or other charges is information material to the consumer in that it impacts their ability to intelligently choose their response to the collection activity.

59.     The omission of that material information is especially prejudicial to the consumer where the increases in the balance is only revealed to the consumer after the 30-day time period to dispute the debt, or any portion of the debt, has expired.

60.     Defendant's omission of material information in its October 10, 2017 letter would deceive or mislead the least sophisticated consumer as to the character and amount of the debt.

61.     Thus, Defendant's October 10, 2017 letter failed to clearly and effectively state the amount of the Debt as required in accordance with 15 U.S.C. § 1692g(a)(1).

62.     In the alternative, Defendant's October 10, 2017 letter falsely represents the amount of the Debt. *Compare* Exhibit A (stating that the amount of the Debt was $11,146.61), *with* Exhibit B (stating that the amount of the Debt was $10,672.01).

## CLASS ACTION ALLEGATIONS

63.     Plaintiff repeats and re-alleges the relevant factual allegations at ¶¶ 28-31 and 38-57.

64.     Defendant's October 10, 2017 letter is based on a form or template (the "Template").

65.     The Template fails to name the creditor to whom the debt is owed as required in an initial communication with a consumer under 15 U.S.C. § 1692g(a)(2).

66.     The Template fails to effectively convey the amount of the debt as required in an initial communication with a consumer under 15 U.S.C. § 1692g(a)(1).

67.     The Template fails to indicate that the debt is subject to increase due to the accrual of interest, fees, or other charges.

68.     Defendant has sent more than forty (40) collection letters based upon the Template to individuals in the State of Florida in the year prior to the filing of this complaint.

69.     Plaintiff brings this action on behalf of herself and all other similarly situated.

Specifically, Plaintiff seeks to represent the following classes:

**Failure to Accurately Disclose the Amount of Debt Class:**
All individuals with a State of Florida address to whom Defendant sent a letter based upon the Template, where Defendant seeks to collect a debt that is subject to the accrual of interest, fees, or other charges, yet fails to indicate that the balance of the debt is subject to increase due to the accrual of interest, fees, or other charges, within one year before the date of this complaint and in connection with the collection of a debt.

**Insufficient Identification of Creditor Class:**
All individuals with a State of Florida address to whom Defendant sent a letter based upon the Template, where Defendant fails to meaningfully convey the name of the current creditor to whom the debt is owed, within one year before the date of this complaint and in connection with the collection of a debt.

70.     The proposed classes specifically exclude the United States of America, the State of Florida, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eleventh Circuit, the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

71.     The classes are averred to be so numerous that joinder of members is impracticable.

72.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

73.     The classes are ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

74.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but

are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of 15 U.S.C. § 1692 *et seq*.; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

75.    Plaintiff's claims are typical of those of the classes she seeks to represent.

76.    The claims of Plaintiff and of the classes originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

77.    Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

78.    Plaintiff will fairly and adequately protect the interests of the classes and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the classes.

79.    Plaintiff is willing and prepared to serve this Court and the proposed classes.

80.    The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

81.    Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

82.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as

a practical matter, be dispositive of the interests of other members of the classes who are not parties to the action or could substantially impair or impede their ability to protect their interests.

83.     The prosecution of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudications with respect to individual members of the classes, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the classes.

84.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the classes, making final declaratory or injunctive relief appropriate.

85.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the classes predominate over any questions affecting only individual members.

86.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## CLASS COUNTS

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)

87.    Plaintiff repeats and re-alleges the relevant factual allegations at ¶¶ 28-31, 38-39, and 51-60.

88.    The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts.  *See* 15 U.S.C. § 1692e.  *See Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

89.    Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt.  15 U.S.C. § 1692e(2)(A).

90.    Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA.  *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

91.    "[W]e hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects

consumers such as plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts." *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

92.     If "the debt collector is trying to collect the listed balance plus the interest running on it or other charges, he should use" language which explains "that the amount owed may vary if not paid immediately because of interest, late charges, or other charges that may apply as time passes . . . ." *Id.* at *5-6 (quoting *Chuway*, 362 F.3d at 949).

93.     Defendant's October 10, 2017 letter listed the balance of the Debt, yet did not indicate that the balance would increase due to the accrual of interest, fees, or other charges.

94.     However, in December of 2017, Defendant filed a complaint against Plaintiff seeking money damages plus interest, court costs, and attorneys' fees.

95.     Defendant's October 10, 2017 letter would mislead the least sophisticated consumer, who could readily conclude that the balance due was due *at any time,* when in fact it was not, and was subject to increase due to the accrual of interest, court costs, and attorneys' fees.

96.     Therefore, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the amount of the Debt in its October 10, 2017 letter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A) with respect to Plaintiff and the Failure to Accurately Disclose the Amount of Debt Class she seeks to represent;

c) Awarding Plaintiff and the class she seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class she seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)

97.    Plaintiff repeats and re-alleges the relevant factual allegations at ¶¶ 28-31, 38-41, and 51-61.

98.    A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which

provides information regarding the debt such as the amount of the debt. *See* 15 U.S.C. § 1692g(a)(1).

99.   "It is not enough that the dunning letter state the amount of the debt that is due. It must state it clearly enough that the recipient is likely to understand it." *Chuway*, 362 F.3d at 948; *see also Avila*, 817 F. 3d at 76 ("We do not conclude that Congress's requiring debt collectors to state 'the amount of the debt' in Section 1692g evinces Congressional approval of sending collection notices that lack disclosures about accruing interest and fees.").

100.   Defendant's October 10, 2017 initial letter to Plaintiff identified the balance of the Debt yet did not indicate that the balance of the Debt would increase due to the accrual of interest, fees, or other charges.

101.   However, Defendant's December, 2017 complaint sought to collect the balance of the Debt plus interest, court costs, and attorneys' fees.

102.   Therefore, Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to state the amount of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)   Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(1) with respect to Plaintiff and the Failure to Accurately Disclose the Amount of Debt Class she seeks to represent;

c)   Awarding Plaintiff and the class she seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e)   Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)   Awarding Plaintiff and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g)   Awarding Plaintiff and the class she seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h)   Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(a)(2)

103.   Plaintiff repeats and re-alleges the relevant factual allegations at ¶¶ 28-31 and 38-50.

104.   "Viewed from the perspective of the least sophisticated consumer, the Validation Notice must effectively convey the identity of the creditor."   *Youssofi v. CMRE Fin. Servs., Inc.*, No. 15CV2310 JM(WVG), 2016 WL 4098312, at *3 (S.D. Cal. Aug. 2, 2016).

105.   "Merely including the current creditor's name in a debt collection letter, without more, is insufficient to satisfy 15 U.S.C. § 1692g(a)(2)."   *McGinty v. Prof'l Claims*

*Bureau, Inc.*, No. 15CV4356SJFARL, 2016 WL 6069180, at *4 (E.D.N.Y. Oct. 17, 2016); *see Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-3549, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016) ("[A] debt collector cannot satisfy Section 1692g(a)(2) by naming an entity without explicitly or implicitly making clear in the letter that the entity is the debtor's current creditor to whom a debt is owed.").

106.    Therefore, Defendant's October 10, 2017 letter violated § 1692g(a)(2) by failing to meaningfully convey the identity of the creditor to whom the Debt is owed, as it only states: "Re:."

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(2) with respect to Plaintiff and the Insufficient Identification of Creditor Class she seeks to represent;

c) Awarding Plaintiff and the class she seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000

or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. §
1692k(a)(2)(B)(ii);

f)   Awarding Plaintiff and the class she seeks to represent, reasonable attorneys'
fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and
Rule 23;

g)   Awarding Plaintiff and the class she seeks to represent, pre-judgment and post-
judgment interest as permissible by law; and

h)   Awarding such other and further relief as the Court may deem proper.

## INDIVIDUAL COUNTS

### COUNT IV
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)

107.   Plaintiff repeats and re-alleges the relevant factual allegations at ¶¶ 28-31, 36-
39, 51, 53-55, and 62.

108.   Included as an example of conduct that violates section 1692e is the false
representation of the character, amount, or legal status of a debt.  15 U.S.C. § 1692e(2)(A).

109.   As of September 22, 2017, the balance of the Plaintiff's Debt was $10,169.66.

110.   Less than a month later, Defendant sent Plaintiff a letter dated October 10, 2017
that listed the amount of the Debt as $11,146.61.

111.   In December, 2017, Defendant filed a complaint against Plaintiff stating that
the balance of the Debt was $10,672.01.

112.   Therefore, Defendant violated section 1692e(2)(A) by falsely representing the
balance of Plaintiff's Debt in either the October 10, 2017 letter or the December, 2017
complaint.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(10)

113.    Plaintiff repeats and re-alleges the relevant factual allegations at ¶¶ 28-31, 36-39, 51, 53-55, and 62.

114.    Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a catchall provision, prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

115.    As of September 22, 2017, the balance of the Plaintiff's Debt was $10,169.66.

116.    Defendant sent Plaintiff a letter dated October 10, 2017 that listed the amount of the Debt as $11,146.61.

117.    In December, 2017, Defendant filed a complaint against Plaintiff stating that the balance of the Debt was $10,672.01.

118.    Therefore, Defendant violated section 1692e(10) by falsely representing the balance of Plaintiff's Debt in either the October 10, 2017 letter or the December, 2017 complaint.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)    Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b)    Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)    Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)    Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)    Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)    Awarding such other and further relief as the Court may deem proper.

## COUNT VI
## VIOLATION OF FLA. STAT. § 559.72(9)

119.    Plaintiff repeats and re-alleges the relevant factual allegations above at ¶¶ 28-31, 36-39, 51, 53-55, and 62.

120.    A debt collector violates Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

121.    As of September 22, 2017, the balance of the Plaintiff's Debt was $10,169.66.

122.    Defendant's October 10, 2017 letter to Plaintiff lists the amount of the Debt as $11,146.61.

123.    In December, 2017, Defendant filed a complaint against Plaintiff stating that the balance of Plaintiff's Debt was $10,672.01.

124.    Therefore, Defendant violated Fla. Stat. § 559.72(9) by asserting the right to collect more than it was entitled to in its October 10, 2017 letter to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)    Adjudging that Defendant violated Fla. Stat. § 559.72(9);

b)    Awarding Plaintiff statutory damages, pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00;

c)    Awarding Plaintiff actual damages, pursuant to Fla. Stat. § 559.77(2);

d)    Awarding Plaintiff punitive damages, pursuant to Fla. Stat. § 559.77(2);

e)    Awarding Plaintiff such equitable relief as the Court deems necessary or proper, including enjoining Defendant from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

f)    Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 559.77(2);

g)    Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h)    Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

125.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: February 22, 2018.

                                        Respectfully submitted,

                                        /s/ Alex D. Weisberg
                                        Alex D. Weisberg
                                        FBN: 0566551
                                        Weisberg Consumer Law Group, PA
                                        Attorneys for Plaintiff
                                        5846 S. Flamingo Rd, Ste. 290
                                        Cooper City, FL 33330
                                        (954) 212-2184
                                        (866) 577-0963 fax
                                        aweisberg@afclaw.com

                                        Correspondence address:
                                        Thompson Consumer Law Group, PLLC
                                        5235 E. Southern Ave. D106-618
                                        Mesa, AZ 85206